# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZCT SYSTEMS GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 08-CV-447 (JHP-PJC) |
| | ) |
| FLIGHTSAFETY, INTERNATIONAL, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST MOTION TO COMPEL

Plaintiff, ZCT Systems Group, Inc. ("ZCT"), moves this Court to compel Defendant, FlightSafety International ("FSI"), to respond fully to Plaintiff's Request for Production No. 3, which requests all documents contained within FSI's personnel file for Mr. Mark Easter, a former FSI employee. Mr. Easter is a key witness and the information contained in his personnel file is clearly probative of important issues in this case. ZCT has agreed (i) to exclude any personal medical information from this request, and (ii) to treat Mr. Easter's personnel file as "Confidential" pursuant to this Court's Protective Order (Doc. No. 25). Thus, any privacy or confidentiality concerns have been adequately addressed. In further support of this Motion, Plaintiff ZCT states as follows.

## CERTIFICATION OF DISCOVERY CONFERENCE

Plaintiff's counsel hereby certifies that the parties' counsel have conferred in person, on the telephone, and in writing on numerous occasions to attempt to resolve the discovery issue raised herein and, despite a sincere attempt to resolve their differences, the parties require this Court's assistance.

## THE DISPUTED DISCOVERY

This Motion concerns Defendant's refusal to answer Plaintiffs' Request for Production No. 3, which is set out below together with and Defendant's response:[1]

**REQUEST NO. 3**: Please produce all documents contained within the personnel files of Mark Easter.

**RESPONSE TO REQUEST NO. 3**: FlightSafety objects to this request as it seeks information beyond the subject agreements, is not relevant to the subject matter involved in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, this interrogatory seeks personal and confidential information of a third-party.

## ARGUMENT

This case arises from software development contracts between ZCT and FSI in which ZCT agreed to provide certain software development services and licenses to FSI for the development of computer graphics for aviation simulators. Pursuant to the parties' contracts, ZCT agreed to license FSI specified computer software to be used only by FSI internally in the development and operation of their computer based flight training devices. The contracts placed certain strict limitations on FSI's ability to use or disclose the licensed software that ZCT provided to FSI. The licensed software developed by ZCT constitutes highly valuable, proprietary intellectual property belonging to ZCT. (*See generally*, Complaint, Doc. No. 2).

ZCT sued FSI after it learned that FSI had wrongfully disclosed ZCT's proprietary software to unauthorized third parties and wrongfully converted FSI's core design software

---

[1] Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production are attached at Exhibit A. Plaintiff and Defendant are engaged in ongoing conferences regarding Plaintiffs first discovery requests. Plaintiff anticipates seeking court intervention with respect to additional disputes related to Defendant's responses to Plaintiff's first discovery requests and Plaintiff reserves all rights with respect to such issues.

components.  (Doc. No. 2).  ZCT has asserted claims against FSI for breach of contract and misappropriation of trade secrets under Oklahoma's Uniform Trade Secrets Act, 78 O.S. §§ 78 *et seq*.  Although the parties executed numerous contracts over the course of their lengthy business relationship, ZCT's contract claims arise under two agreements, the first was dated on September 30, 2002 and the second was dated January 24, 2004.  *(See* Doc. No. 2).

Mark Easter is a former Manager of Information Technology at FSI.  While employed at FSI, and during the time when ZCT was providing software to FSI under the agreements, Mr. Easter was discovered one afternoon in November 2002 lurking outside of the home of Greg Zumwalt, the founder and chief programmer/designer of ZCT. When confronted by Mr. Zumwalt, Mr. Easter admitted he was at Greg Zumwalt's home that day attempting to hack into Greg Zumwalt's (ZCT's) network via a wireless connection, in an apparent attempt to gain access illicitly to ZCT's software.  After Mr. Zumwalt notified FSI about the event, FSI fired Mr. Easter in January of 2003.

Mr. Easter's actions – aside from being reprehensible and illegal – <u>and ZCT's response to his actions</u>, are directly probative of key elements of ZCT's claims.  Among other things, Mr. Easter's and ZCT actions show that: (i) FSI was aware of the contract restrictions on the use and disclosure of ZCT code, (ii) FSI was aware of the proprietary, valuable and protected nature of the software, (iii) ZCT took reasonable steps to secure its trade secrets, and (iv) that the acquisition of such trade secrets had economic value to FSI.   FSI cannot credibly maintain that Mr. Easter is not a key witness in this litigation.

The personnel files of a key witness are discoverable.  *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1246216, *6 (D. Kan Apr. 27, 2007).  Personnel files of former employees who will be witnesses at trial are discoverable when information in

3

such files are reasonably calculated to lead to relevant evidence. *Geer v. Challenge Fin. Investors Corp.*, 2007 WL 2264446 (D. Kan Aug. 3, 2007); s*ee also Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 643-644 (D. Kan. 2003); (breach of contract case where personnel files were not protected from discovery on grounds of confidentiality).

ZCT's response to Mr. Easter's illicit attempt to steal ZCT software is undeniably relevant to ZCT's claims and, therefore, Mr. Easter's personnel file is discoverable.  ZCT has agreed to (ii) exclude from RFP No. 3 any medical records of Mr. Easter, and (ii) treat the personnel file as "Confidential" pursuant to the Agreed Protective Order. (Doc. No. 25).  Thus, FSI's confidentiality and privacy objections have been adequately addressed. ZCT has thus far only sought the personnel file of one FSI employee – Mark Easter, which represents a reasonable and limited approach to such discovery.   FSI's objects are devoid of merit.

**WHEREFORE**, Plaintiff respectfully requests that this Court compel Defendant to respond fully to Plaintiff's Request for Production No. 3, and produce Mr. Easter's complete personnel file, except for any medical information related to Mr. Easter.

RESPECTFULLY SUBMITTED:

 /s/ Paul DeMuro
Paul DeMuro, OBA No. 17605
Frederic Dorwart, OBA # 2346
J. Michael Medina, OBA # 6113
FREDERIC DORWART, LAWYERS
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103-5010
(918) 583-9922 - Office
(918) 583-8251 - Facsimile

*Counsel for Plaintiff,*
*ZCT Systems Group, Inc.*

4

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 16th days of July, 2009, he electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF Registrant:

John F. Heil, III
HALL ESTILL HARDWICK GABLE GOLDEN & NELSON
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103
JHeil@hallestill.com


/s/ Paul DeMuro