IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZCT SYSTEMS GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-447-JHP-PJC |
| ) | |
| FLIGHTSAFETY INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court on Plaintiff ZCT Systems Group, Inc.'s ("ZCT") Motion to Compel [Dkt. No. 28]. The motion is **GRANTED IN PART**.

*Factual Background*

ZCT and FlightSafety International ("FSI") entered into at least two software development and license agreements in 2002 and 2004 ("the Agreements"). Under those agreements, among other things, ZCT was to develop certain software to be used by FSI in certain flight training equipment known as Computer Based Training Equipment ("CBT"). ZCT contends that it retained ownership of source and object codes associated with the CBT software. ZCT contends that FSI has improperly transferred possession of CBTs to third parties in violation of the Agreements. ZCT alleges breach of contract and violation of the Oklahoma Trade Secrets Act. FSI has counterclaimed for breach of the Agreements, claiming ZCT overcharged FSI under the terms of the Agreements.

Plaintiff has served on FSI the following discovery request:

1

**REQUEST NO. 3:**  Please produce all documents contained within the personnel file of Mark Easter.

FSI objected as follows:

**RESPONSE TO REQUEST NO. 3:**  FlightSafety objects to this request as it seeks information beyond the subject agreements, is not relevant to the subject matter involved in this matter and is not reasonably calculated to lead to discovery of admissible evidence.  In addition, this interrogatory (sic) seeks personal and confidential information of a third party.

ZCT alleges that Mark Easter ("Easter") is a former Manager of Information Technology at FSI who was found in November 2002 "lurking" outside the home of Greg Zumwalt, founder and chief programmer/designer of ZCT.  ZCT alleges that Easter admitted he was attempting to hack into Zunwalt/ZCT's network via a wireless connection "in an attempt to gain access illicitly to ZCT's software."  (*Motion to Compel*, Dkt. No. 28, p. 3).  ZCT states that when Zumwalt notified FSI of the situation FSI fired Easter in January 2003.  (*Id.*).  These facts are admitted by FSI.  (*FSI's Response to Plaintiff's First Motion to Compel*, Dkt. No. 29, p. 6).

ZCT contends that Easter's conduct and FSI's response to it is relevant to the claims asserted herein.[1]  ZCT contends that Easter's personnel file and FSI's conduct will show:

---

[1]   ZCT first erroneously stated that "ZCT's response" to Easter's conduct was relevant to the claims herein.  ZCT subsequently corrected this to refer to "FSI's response."  (*Plaintiff's Reply in Support of its First Motion to Compel*, Dkt. No. 32, n.1).

    (1) That FSI was aware of the contractual restrictions on use and disclosure of ZCT's codes;

    (2) That FSI was aware of the proprietary, valuable and protected nature of the software;

    (3) That ZCT took reasonable steps to secure its trade secrets; and,

    (4) That the acquisition of such trade secrets had economic value to FSI.

(*Motion to Compel* at p. 3).

FSI contends that the discovery request is overly broad and not relevant to the claims and defenses asserted herein. FSI contends that ZCT's request does not meet the standards for discovery of personnel files in the Tenth Circuit.

### *Applicable Legal Principles*

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the

information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004)(citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

The Supreme Court has stated that Rule 26's relevancy requirement should be "firmly applied" and discovery restricted if necessary to protect a person from annoyance, embarrassment or oppression. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). Specifically, requests for personnel files should be "narrowly targeted" and focused. *Id.* at 649.

### *Discussion*

Plaintiff's initial request for the entire contents of Easter's personnel file is overbroad since it would capture personal documents having nothing to do with this lawsuit. However, ZCT has now agreed to exclude from its request any personal medical information and to treat the file as confidential pursuant to the Protective Order entered herein [Dkt. No. 25].

4

FSI contends that production of Easter's personnel file would impact all 700 of FSI's employees, raising concern about confidential/private information in their files. The Court rejects this objection. ZCT has requested the personnel file of one FSI employee, an employee who was apparently caught trying to hack into ZCT's computer network. While *Regan-Touhy* and *Herbert* caution against requests for all documents in an employee personnel file, those cases do not change the basic mandate of Rule 26 and the liberal relevancy standard that governs during the discovery phase of litigation. The Court cannot conclude that information in Easter's personnel could "have no bearing" on the claims and defenses herein. Easter's information need not be admissible if its production is reasonably calculated to lead to admissible evidence.

The Court finds that Easter's personnel file should be produced subject to the limitations set forth below:

Personal health, financial and benefits information need not be produced. Documents to be produced shall be limited to any documents that specifically mention or discuss ZCT and any documents that relate in any way to the 2002 incident at Greg Zumwalt's house, FSI's response thereto and any discipline of Easter and/or others. These documents are to be produced under the terms of the Protective Order entered June 24, 2009 [Dkt. No. 25].

IT IS SO ORDERED this 19th day of August 2009.

Paul J. Cleary
United States Magistrate Judge