## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZCT SYSTEMS GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-447-JHP-PJC |
| | ) | |
| FLIGHTSAFETY INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

ZCT's Fourth Motion to Compel [Dkt. No. 101] concerns the depositions of FSI employees Dwight Pitts ("Pitts") on Feb. 12, 2010, and John Van Maren ("Van Maren") on Feb 16, 2010.  ZCT complains that during these depositions counsel for FSI repeatedly instructed witnesses not to answer questions without legal justification. ZCT also seeks sanctions in connection with this motion.

The Court has reviewed extensive portions of the transcripts of these depositions.  Three issues arise: First, instructions to the witnesses not to answer because the questions were allegedly outside the scope of the Rule 30(b)(6) Notice; Second, instructions to Pitts not to answer on the ground that he was a "retained or specially employed" non-testifying expert pursuant to Fed. R. Civ. P. 26(b)(4)(B); Third, instructions to Van Maren not to answer on grounds of Attorney-Client privilege and conferences by FSI's lawyer with Van Maren while deposition questions were pending. These issues are addressed separately below.

1

### *Applicable Legal Standard*

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for discovery "regarding any matter, *not privileged*, that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1) (emphasis added). By excluding privileged information from the broad sweep of discovery, Rule 26 tries to strike a balance between promoting the truth-seeking goal of discovery and the purpose of the stated privilege.

The party asserting attorney-client privilege or work-product protection has the burden of clearly showing that either or both apply. *Accounting Principals, Inc. v. Manpower, Inc.*, 2009 WL 2252123 at *3 (N.D.Okla.); *see also Barclays-American Corporation v. Kane*, 746 F.2d 653, 656 (10th Cir.1984); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984).

In a diversity case such as this, issues related to the attorney-client privilege are controlled by state law, while claims of attorney work product are matters of federal law. *Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998).

### *Discussion*

On Jan. 26, 2010, ZCT served a Rule 30(b)(6) Notice on FSI that it would take the depositions of certain FSI corporate representatives on specific topics. FSI designated Pitts for deposition on Feb. 12, 2010 at 9:30 a.m. on two topics: (1) The creation, contents, interpretation, and authentication of FSI's spreadsheets produced in discovery and (2) FSI's business dealings and contractual relationship with Aeroism and Tricom

including a description of the types of codes FSI has provided to Aeorism and Tricom. [Dkt. No. 101, Exh. 1].  FSI designated Van Maren for deposition on Feb. 16, 2010 on two topics: (1) FSI's business dealings and contractual relationship with Aeroism and Tricom including the services provided by Aeroism and Tricom and the intended use by FSI of the deliverables provided by Aeroism and Tricom.  [Dkt. No. 101, Exh. 1].

By agreement of the parties, Pitts and Van Maren were to be deposed as 30(b)(6) witnesses first.  Following their depositions as corporate representatives, both men were to be deposed as individual fact witnesses.[1]  *See* Dkt. No 139, Exh. 3 & 4.

### A.   Instruction Not to Answer Based on Scope of 30(b)(6) Notice.

At their 30(b)(6) depositions, Pitts and Van Maren were frequently instructed by counsel not to answer questions on the ground that those questions were outside the scope of the 30(b)(6) notice.  FSI contended that these questions should instead be reserved for the Rule 26 depositions.  ZCT contends that the questions were not outside the scope of the 30(b)(6) notice, and that in any case it was improper to instruct the witnesses not to answer.  The Court agrees with this latter point.

The Federal Rules of Civil Procedure are clear:

> A person may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).

---

[1]     It seems clear that Pitts and Van Maren will testify at trial.  Both men were listed in FSI's Rule 26(a)(1) initial disclosures as persons likely to have discoverable information that FSI would use to support its claims or defenses.  [Dkt. No. 101, Exh. 4].  In addition, both were listed as witnesses on FSI's Initial Witness List. [Dkt. No. 110] as well as ZCT's initial Witness List [Dkt. No. 107].

The instruction not to answer on 30(b)(6) scope grounds was improper because FSI was not seeking to preserve a privilege, enforce a limitation ordered by the court or in order to present a motion under Rule 30(d)(3).[2]

The two leading cases on the scope of a Rule 30(b)(6) deposition are *King v. Pratt & Whitney,* 161 F.R.D.  475, 476 (S.D.Fla. 1995) (allowing questioning beyond the areas listed in a Rule 30(b)(6) notice) and *Paparelli v. Prudential Insurance Co.,* 108 F.R.D. 727, 730 (D.Mass. 1985) (limiting a Rule 30(b)(6) deposition to matters stated with "reasonable particularity" in the deposition notice).  However, even *Paparelli* held that it is improper to instruct a witness not to answer on the grounds that questions were outside the scope of the 30(b)(6) notice.  *Id.* at 730-31.

FSI's counsel should have simply allowed the questioning of Pitts and Van Maren to proceed while noting where necessary that the witness' answer was not binding on the corporation.  This is not a special rule of this Court as has been suggested.  For example, in *Detoy v. City and County of San Francisco*, 196 F.R.D. 362 (N.D.Cal. 2000), the Court noted:

> If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P. 26(b)(1)), so that relevant questions may be asked and <u>no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).</u>

---

[2]   Whatever agreement the parties reached as to conducting a Rule 30(b)(6) deposition and a separate Rule 26 deposition, this was a private arrangement, and not a "limitation ordered by the court."

4

*Id.* at 366-67 (emphasis added).  *See also Batts v. County of Santa Clara*, 2010 WL

545847 (N.D.Cal. Feb. 11, 2010) (holding that instructing a witness not to answer

a question on grounds that it was outside the scope of the 30(b)(6) notice was

"clearly improper.")

Counsel's instructions not to answer was clearly improper, in violation of the

Federal Rules and unreasonably obstructed the depositions.

**B. Pitts as Specially-Retained Expert Witness.**

Pitts is FSI's Director of Information Technology for its Simulation Division.  FSI

has designated Pitts a Rule 30(b)(6) witness on some issues and has indicated he is a

routine Rule 26 fact witness on others.[3]  In addition to these witness roles, Pitts verified

FSI's discovery responses on behalf of the company, including:

- FSI's Response to ZCT's First Set of Interrogatories and Requests for Production of Documents;
- FSI's First Supplemental Response to ZCT's First Set of Interrogatories and Requests for Production of Documents;
- FSI's Response to ZCT's Second Set of Interrogatories and Requests for Production of Documents; and,
- FSI's Response to ZCT's Third Set of Interrogatories and Requests for Production of Documents.

*See* Dkt. No. 143, Exhibit 2, Letter of March 1, 2010.

At Pitts' deposition, FSI objected to certain questions posed by ZCT and

instructed Pitts not to answer on grounds that his answer would invade work-product

---

[3]     FSI has listed Pitts as a person with knowledge of the claims and defenses herein and both parties have listed him as a witness on their initial Witness Lists.  [Dkt. Nos. 107 & 110].  FSI offered Pitts as a 30(b)(6) witness on several topics described by ZCT.

and attorney-client privilege based on Pitts' role as a specially-retained, in-house, non-testifying, consulting expert under Rule 26(b)(4)(B).

The concept of an <u>in-house</u>, non-testifying expert witness is not specifically addressed under Rule 26.  Rule 26(b)(4)(A) addresses experts who will testify at trial.  Rule 26(b)(4)(B) deals with experts employed only for trial preparation – consulting experts who will not testify at trial.  This latter rule does not differentiate between *in-house* consulting experts and experts hired from an outside source.  Whether the in-house versus outside expert distinction is significant for discovery purposes has been the subject of dispute.  *See* James R. Pielemeier, "Discovery of Non-Testifying 'In-House' Experts under Federal Rule of Civil Procedure 26," 58 Ind.L.J. 597 [Fall 1983] (noting that courts have interpreted the rule three ways with respect to in-house experts:  no discovery, full discovery, and discovery as limited to specially employed experts).

The Court finds the attempt to shield Pitts' testimony under the guise of a non-testifying expert to be inappropriate.  FSI acknowledges that Pitts is a likely fact witness and has offered him as a Rule 30(b)(6) witness on behalf of the corporation.  In addition to this, Pitts has verified FSI's most, if not all, of the written discovery responses on behalf of the company.  Under these circumstances, attempting to preclude discovery on the grounds that Pitts is also an in-house, specially-retained, non-testifying consultant is incredible.  As reflected in the battle over Pitts' role as a Rule 30(b)(6) witness and a Rule 26 witness, adding a third role to the mix will needlessly confuse discovery with respect to FSI's own witness, further bog this case down in senseless bickering and frustrate the purposes of discovery.  FSI appears to be using Pitts as a

6

witness where it feels he can assist the company, and shielding him from inquiry elsewhere. The company has offered no credible legal or factual basis for its position.

The Court's decision is made easy because FSI has offered so little to support its consulting expert contention. FSI has cited a number of cases in which courts have allowed employees of a corporation to serve as a non-testifying, consulting expert and barred discovery from them.[4] However, FSI has failed to meet the criteria underlying these decisions. For example, in *Seiffer v. Topsy's Int'l, Inc.* 69 F.R.D. 69 (D.Kan. 1975), the Court found that Van Camp, a partner in the defendant accounting firm, was a non-testifying expert under Rule 26(b)(4)(B). But, unlike here, Van Camp had submitted an "uncontroverted affidavit" that he had been asked by outside counsel to serve as an in-house consulting expert, and had reviewed his company's audit work in order to assist counsel in a complicated securities fraud lawsuit. *Id.* at 72. Van Camp had no involvement in preparing the audits that were in question in the litigation. *Id.* Van Camp's audit review reports were prepared for and sent only to outside counsel. *Id.* Finally, Van Camp was not listed as a witness. *Id.*

In *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984 (D.C.Cir. 1979), a general energy advisor for Champlin served an in-house expert. As in *Seiffer*, Champlin submitted an uncontroverted affidavit in support of its contention that the employee

---

[4]     Rule 26(b)(4)(B) provides that:

Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as witness at trial.

was employed specially for purposes of the litigation.  *Id.* at 991.  The advisor had no factual information regarding the litigation other than what he learned "in the role for which he was specially retained."  *Id.* at 992.

In *In re Shell Oil Refinery v. Shell Oil Co.*, 132 F.R.D. 437 (E.D. La. 1990), the court relied on affidavits from the in-house consulting experts describing their work.  The employees were specifically retained by Shell in anticipation of litigation, and worked at the direction of counsel.  Their reports were sent only to outside litigation counsel.  *Id.* at 442.

FSI fails to meet any of these factors.  First, Pitts has offered no affidavit in support of his expert claim.  Affidavits were key to the holdings in most of the cases that FSI has cited.  Second, FSI has offered no record evidence that outside counsel asked Pitts to serve as an expert in expected litigation, the nature of the work he has performed or to whom his reports were sent.  Furthermore, unlike the cases FSI has cited, here Pitts is deeply involved in the factual evidence in this case.  While Van Camp had no involvement in the facts of the claims/defenses in *Seiffer*, here FSI has specifically identified Pitts as a likely witness and he is listed on both parties' witness lists.

Nor does the Court find FSI's citation to *Sensormatic Electronics Corp. v. W G Security Products, Inc.*, 2006 WL 1305166 (E.D. Tex. May 11, 2006), persuasive.  In *Sensormatic* a former employee of the Plaintiff was asked to serve as a non-testifying expert in patent infringement litigation.  Thomas J. Frederick ("Frederick") invented the '490 patent at issue in the case and assigned his rights to Sensormatic.  After he had left

Sensormatic and after the patent lawsuit had been filed, Frederick was retained by outside counsel to serve as a consulting expert analyzing Defendant's source code – code Frederick had not seen previously.  Frederick was also a Rule 30(b)(6) witness as to the development of the '490 patent and Sensormatic products that embodied that patent.  *Id.* at *1.  At deposition, Defendant's attorney sought to have Frederick perform an expert analysis of source code from the allegedly infringing system – the very task that Frederick was asked to perform as a consulting expert.  Frederick testified as to factual matters occurring before his retention as a consulting expert; however, Plaintiff's counsel objected to Frederick providing expert analysis of a product he had not seen until after he was retained as a consultant.  Applying Rule 26(b)(4)(B), the court denied the Defendants' motion to compel.

Frederick was a former employee of Sensormatic, not a current employee as Pitts is.  Furthermore, the objection in *Sensormatic* was solely to the effort to gain access to Frederick's expert analysis – an analysis he could not have conducted before being retained as a consultant.  *Id.*  at *1 ("Prior to his employment as a non-testifying expert, Frederick had never seen a copy of the Defendants' source code.")

A purpose of Rule 26(b)(4)(B) is to protect against the so-called "free ride"; that is, where one party seeks discovery from another side's consulting expert to gain the benefit of his/her expertise without the cost of hiring him/her.  Clearly, this was an issue in *Sensormatic* where Defendants sought to get free expert analysis of their source code from Frederick.  In contrast, after reviewing the questions posed by ZCT, the Court finds that Plaintiff was not seeking Pitts' expert opinions or analysis.  ZCT sought

9

factual information underlying FSI's claims and defenses.  The Court finds the attempt to designate Pitts an in-house, non-testifying consulting expert inappropriate and unsupported by evidence; consequently, instructions that the witness not answer questions on this ground were improper and Pitts must answer.

**C.  Van Maren's Claims of Privilege and Conferences with Counsel.**

FSI instructed Van Maren not to answer questions on the ground of privilege. The core of controversy seems to have started when Van Maren answered a question by stating that it was his understanding that FSI converted a graphics engine to a different graphics engine "in response to [this] litigation."  [Dkt. No. 140, Ex. 5, Van Maren dep. P. 195, l. 7-23].  As ZCT's counsel further explored this topic, FSI raised objections based on attorney-client privilege and also sought to confer with Van Maren after a question had been asked and before his answer.  [*Eg. id.* at p. 196, l. 13 – p. 197, l. 16].

Generally, depositions are to proceed just as testimony would at trial.  Fed. R. Civ. P. 30(c)(1).  Thus, normally a witness would not be allowed to consult with counsel during questioning.  However, courts recognize an exception where the answer to a pending question could reveal privileged information.  *E.g.*, *Hall v. Clifton Precision*, 150 F.R.D. 525, 529-30 (E.D.Pa. 1993); *In re Stratosphere Corp. Securities Lit*, 182 F.R.D. 614, 621-22 (D.Nev. 1998).  In such circumstances, a conference is permissible in order to determine whether to assert a privilege.  *Hall*, 150 F.R.D. at 529-30.

From a review of the deposition transcript, the Court concludes that counsel for FSI properly sought to discuss possible privileged areas with Van Maren after a question was asked and before it was answered.  More problematic is counsel's

10

instruction to Van Maren not to answer certain questions.  Van Maren had testified

without objection that he believed the switch in graphics engines was due to litigation.

Following a conference with counsel, he was asked if his answer was still the same or

had changed.  Van Maren was instructed not to answer on ground of attorney-client

privilege.

After a conference concerning possible privilege, counsel should put on the

record the fact that a conference occurred, the subject of the conference, (*i.e.* the

identification of the document or subject matter as to which privilege is asserted – not

the substance of the communications in the conference) – and the decision reached as to

assertion of privilege.  *Hall*, 150 F.R.D. at 529-30;  *In re Stratosphere*, 182 F.R.D. at 621-22.

It does not appear from the record evidence that this was done here.  When ZCT

resumed questioning as to whether Van Maren's previous answer had changed, the

witness was again instructed not to answer.  This was improper.  If Van Maren's

original answer involved privileged matter, he waived the privilege to the extent he

responded.  At the very least, ZCT was entitled to know whether his answer had

changed or not.  This question should be answered.

FSI's other instructions not to answer – *eg.* p. 208, l. 2-19 – do not appear

improper from the context provided to the Court.

Accordingly, ZCT's Fourth Motion to Compel is **GRANTED IN PART AND**

**DENIED IN PART**.  It is **GRANTED** in that Pitts and Van Maren cannot refuse to

answer questions on the grounds that they are outside the scope of the 30(b)(6) notice,

Pitts cannot serve as an in-house, specially-retained, non-testifying consulting expert

and, therefore, cannot refuse to answer questions on this ground.  Finally, Van Maren must answer whether his testimony regarding FSI's switch in graphics engines was caused by the present litigation.  The motion is **DENIED** as to witnesses' right to reasonably confer with counsel as to answers that could implicate privilege.

ZCT's Motion for Sanctions {Dkt. No. 106] is also **GRANTED**.  Since ZCT has largely prevailed on its motion it may recover the reasonable cost of preparing and filing its Fourth Motion to Compel.

Since it will be necessary to complete the Pitts and Van Maren depositions, the Court will extend the schedule to accommodate discovery and subsequent deadlines for that purpose.

IT IS SO ORDERED this 26th day of March 2010.

Paul J. Cleary
United States Magistrate Judge