IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZCT SYSTEMS GROUP, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-CV-447-JHP-PJC |
| FLIGHTSAFETY INTERNATIONAL, | ) |
| Defendant. | ) |

## OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Combined Motion for Sanctions and for Protective Order (the "Combined Motion") [Dkt. No. 164].[1]  In its motion, ZCT Systems Group, Inc. ("ZCT") asks for the following relief:  (1) that other than the March 26, 2010, testimony from Ron Jantzen ("Jantzen"), FSI be precluded from offering any further testimony on behalf of a corporate representative witness with respect to Flight Safety International's ("FSI") negotiations, execution and interpretation of the contracts at issue; (2) that Jantzen's March 26 deposition be affirmed as testimony given by FSI under Rule 30(b)(6) of the Federal Rules of Civil Procedure for Topics 3 and 6 of the Amended Deposition Notice; (3) that FSI be prohibited from conducting a subsequent "sham deposition" of Jantzen on April 2, 2010, in which FSI "intends to coerce the witness to conform to instructions from FSI's lawyers to testify contrary to his March 26 testimony; (4) award ZCT its attorney fees and costs associated with the Combined

---

[1]  Also before the Court is Plaintiff's Unopposed Motion to File Under Seal the excerpts from the deposition testimony of FSI's designated corporate representative, Ron Jantzen [Dkt. No. 167].  The Court grants the motion.

1

Motion; and (5) any further relief the Court finds appropriate. [Dkt. No. 164, Combined Motion at 1].

For the reasons set forth below, the Motion for Sanctions is **DENIED**. The Motion for Protective Order is **GRANTED IN PART and DENIED IN PART.**

*Background*

This action concerns two contracts between ZCT and FSI related to computer software to be used by FSI in certain flight training equipment known as Computer Based Training Equipment ("CBTs"). ZCT alleges that FSI breached the contracts – one from 2002 and another from 2004 – by distributing certain source and object codes in violation of the agreements and by misusing ZCT's trade secrets. FSI has counterclaimed for breach of the same contracts, and also claims that it overpaid ZCT by some $290,000.

In the course of discovery, on or about Dec. 21, 2009, ZCT served its First Amended Notice of Intention to Take Deposition of Corporate Representative. This Notice listed 11 deposition topics. Thereafter, FSI designated certain witnesses to testify on behalf of the company as to certain of the 11 topics. Jantzen was designated to testify on behalf of FSI on two topics:

> 3.  The history of FSI's relationship and business dealings with Mr. Zumwalt and ZCT.
>
> 6.  The interpretation, negotiation, execution, intent and purpose of all contracts and agreements between FSI and ZCT that deal with delivery of code by ZCT and that FSI deems to be relevant to this dispute, including a description of all projects and/or code to be delivered or worked on under each such contract.

[Dkt. No. 174, Ex. 2, Declaration of Noelle M. Reed, ¶ 3].

Jantzen appeared for deposition on March 26, 2010. The deposition began at 9:30 a.m. and adjourned at 5 p.m.[2] the transcript of the Jantzen deposition is 254 pages long. After presenting Jantzen as FSI's corporate representative and allowing him to testify for 5½ hours, FSI's counsel announced shortly after 3 p.m. that Jantzen was being withdrawn as the company's Rule 30(b)(6) witness as to contracts between ZCT and FSI from 2002 forward. FSI's counsel, Noelle Reed, announced that Jantzen's testimony about the 2002 and 2004 contracts "is contrary to the company's positions. He wasn't authorized to give it on behalf of the company, and so that testimony is withdrawn." [Dep. pp. 176-179]. The deposition continued for two more hours under dispute as to whether Jantzen was testifying on behalf of FSI or not. [*E.g.*, Dep. pp. 252-53]. The issue presented to the Court is the effect of FSI's attempt – in the middle of his deposition – to withdraw Jantzen as its Rule 30(b)(6) witness on the ZCT-FSI contracts from 2002 forward.

*Applicable Legal Principles*

Fed. R. Civ. P. 30(b) (6) permits a party to name as the deponent a public or private corporation, a partnership, association, or governmental agency. The Rule 30(b)(6) deposition notice must describe with "reasonable particularity" the matters on which examination is requested. F.R.Civ.P. 30(b)(6). The organization named in the

---

[2] Pursuant to LCvR30.1(b), a deposition is limited to seven hours and may not extend beyond 5 p.m. unless there is a written agreement, signed by all interested attorneys, or an acknowledgement on the record by all interested attorneys or an order of the court.

notice of deposition must then designate one or more persons who consent to testify on its behalf. *Id.* The corporate entity has an affirmative duty to designate the representative to speak on its behalf, answering questions that are within the scope of the matters described in the deposition notice and which are "known or reasonably available" to the company. *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D.Fla. 1995) (quoting Fed.R.Civ.P. 30(b)(6)). "By commissioning the designee as the voice of the corporation, the Rule obligates a corporate party 'to prepare its designee to be able to give binding answers' in its behalf.' " *Rainey v. Am. Forest & Paper Ass'n, Inc.,* 26 F.Supp.2d 82, 94 (D.D.C.1998) (quoting *Ierardi v. Lorillard, Inc.,* 1991 WL 158911, at *3 (E.D.Pa. Aug.13, 1991)). *See also*, Kent Sinclair, Roger P. Fendrich, "Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms," 50 Ala. L. Rev. 651 [Spring 1999] (hereafter, "Sinclair and Fendrich") ("The entity designating a witness is ipso facto empowering that individual to give testimony admissible against the company.").

If the organization fails to produce a designee with sufficient knowledge, it is required to produce an additional designee with adequate knowledge. *McKesson Corp. v. Islamic Republic of Iran,* 185 F.R.D. 70, 79 (D.D.C. 1999); *Barron v. Caterpillar, Inc.,* 168 F.R.D. 175, 177 (E.D.Pa. 1996).

*Discussion*

Upon receipt the deposition notice, FSI was obligated to make a "conscientious good-faith endeavor to designate the persons having knowledge of the matters sought" by ZCT *and* "to prepare those persons in order that they can answer fully, completely,

4

unevasively, the questions posed" by ZCT's counsel.  *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority*, 93 F.R.D. 62, 67 (D.P.R. 1981); *Bank of New York v. Meridien BIAO Bank Tanzania*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997); *Wachovia Securities, LLC v. Nola, LLC*, 2008 WL 4866333, *4 (N.D.Ill. June 5, 2008).

FSI determined that Jantzen had knowledge pertaining to the contracts between ZCT and FSI and undertook to prepare him to speak for the company at his deposition.[3] Jantzen's answers to ZCT's questions appear from the record to be forthright and non-evasive.[4]  Nevertheless, as ZCT questioned Jantzen about provisions in the 2002 and 2004 ZCT-FSI contracts regarding restrictions on FSI's ability to copy and distribute software code covered by the contracts, Jantzen became unsure in his testimony:

---

[3]   Reed's Declaration states that counsel met with Jantzen for more than 10 hours over three days preparing him.  [Reed Dec. ¶ 4].  Jantzen testified that in preparation for the deposition he reviewed the contracts between ZCT and FSI and visited with the company's attorneys.  [Jantzen Dep. at 147 -49].

[4]   The Court has reviewed the entire Jantzen deposition transcript.  At the start of the deposition, Jantzen expressed some reservation about his ability to testify about technical details of the software that was the subject of the contracts:

> Q:   Now are you prepared today to give full and complete testimony with respect to all of [Topic No. 6]?
> A:   I am except for the detail of the code.  I mean when you say "code," I don't know detail of code….
> Well, there's – all software has different modules in it.  And I don't know where those – where those modules my interface and how they interface.  So I'm not an expert on that.  I'm not a software person.

[Jantzen Dep. p. 10, lines 20-25, p. 11, lines 20-24].  However, other than this reservation Jantzen declared himself prepared to give full and complete testimony on behalf of FSI. [Jantzen Dep. p. 10, lines 8-11].

> Q:   Sir, do you feel like you have a good understanding of the restrictions that are imposed in this contract?
> A:   I thought I did before I came here – before just now.
> Q:   But now that we're kind of going through it in detail, do you think maybe you don't have such a good understanding of it?
> A:   No. I – there's a lot of stuff to look at in a short period of time.
> Q:   And I understand that completely. But just as you sit here today, it doesn't seem to me like you have a very – you feel very comfortable in your understanding of how these restrictions work in this 2002 contract. Is that a fair statement?
> A:   To some extent, yes, I don't
> Q:   So to some extent you don't feel like you have a very good understanding of these provisions, correct?
> A:   Yes. Now – that –
> Q:   Go ahead.
> A:   I want to take a break here.

[Jantzen Dep. p.174, line 24 – p. 175, line 20].

After a break, FSI's counsel announced that the company was withdrawing Jantzen as its Rule 30(b)(6) witness as to the 2002 contract forward and withdrawing all of his testimony regarding those contracts. The asserted reason was that despite FSI's best efforts Jantzen "does not feel adequately prepared to testify about the '02 contracts forward" and that the testimony he had given was "contrary to the company's positions." [Jantzen Dep. p. 177, lines 1-5 and 22-25]. Jantzen subsequently testified that he was not prepared to testify about what the 2002 and 2004 contracts mean. [Jantzen Dep. pp. 186-87].

FSI has not provided any cases – and the Court is unaware of any – in which a company withdrew a Rule 30(b)(6) witness in the middle of his deposition because the company was not satisfied with his testimony. FSI made the choice of its company representative and assumed the obligation to adequately prepare that witness. By

6

failing to choose an appropriate witness or by failing to prepare its witness, FSI has violated its obligations under the Federal Rules.  The relief for this failure is that FSI must produce a witness who can answer ZCT's questions adequately.  However, FSI has provided no authority for the proposition that it can un-ring the bell and strike the testimony of its witness.  A mulligan may be allowed in golf, but rarely in litigation.  Furthermore, FSI's position is contrary to the language of Rule 30(c)(1):

> The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615.

FSI could not sponsor a witness at trial and then seek to strike his testimony or remove him from the witness stand if cross-examination did not go as planned.  Neither can that be done at in a deposition.

The Federal Rules do envision circumstances in which a new corporate witness must be provided if the discovering party finds the first witness unable to answer its questions.  If the deponent is indeed unable to adequately address the topics for which he is the company's designated representative, the company must provide a substitute.  *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).  This is because an inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question.  *Id.*

The question next arises of the effect of Jantzen's testimony.  FSI is bound by Jantzen's testimony in the sense that any witness deposed under Rule 30(b)(1) is bound by his/her testimony.  *W.R. Grace & Co. v. Viskase Corporation*, 1991 WL 211647, *2 (N.D.Ill. Oct. 15, 1991).  Jantzen is bound to his testimony on behalf of FSI; however,

7

that testimony does not constitute a judicial admission formally and finally deciding any issue. *Butterfly-Biles v. State Farm Life Ins. Co.*, 2010 WL 346838, *2 (N.D.Okla. Jan. 21, 2010); *W.R. Grace*, 1991 WL 211647, *2. Jantzen's testimony may constitute an evidentiary admission -- but not a *judicial* admission.

> [E]xcept for those specialized, rare assertions characterized as judicial admissions, a party is entitled to explain an admission and even to retract it. When that is done, the factual evaluation of the admission vis-à-vis explanation, retraction, or repudiation, is for the trier of the fact.

*Brown & Root, Inc. v. American Home Assur. Co.*, 353 F.2d 113, 116 (5th Cir. 1965), *cert. denied*, 384 U.S. 943 (1966).

Thus, FSI is free to explain or even controvert Jantzen's testimony through cross-examination or through other witnesses. Whether any attempts in this regard are credible is for the finder of fact to determine. What FSI cannot do is pretend Jantzen's deposition never happened.

With respect to ZCT's requested relief, therefore:

The request that FSI be precluded from offering any further testimony with respect to Topic No. 6 is **DENIED**.

The request that Jantzen's March 26 deposition be affirmed as testimony by FSI under Rule 30(b)(6) is **GRANTED**. FSI cannot disavow Jantzen as its witness on Topics 3 and 6 or strike his testimony.

The request that FSI be precluded from cross-examining Jantzen at a continuation of his deposition is **DENIED**. FSI has the right to examine its own witness.

The request for attorney fees associated with this motion is **GRANTED**.

8

If FSI intends to designate a different corporate witness on 2002 and 2004 ZCT-FSI contracts it shall make that designation immediately and conclude such deposition within one week of this date.

**IT IS SO ORDERED** this 19th day of April 2010.

Paul J. Cleary
United States Magistrate Judge